**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-4850**

———————

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

      v.

JESSE RAMOS-CHAVEZ, a/k/a Jesse Chavez-Ramos,

             Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Louise W. Flanagan, District Judge.  (5:12-cr-00150-FL-1)

———————

Submitted:  June 28, 2013           Decided:  July 18, 2013

———————

Before WILKINSON and DAVIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Yvonne V. Watford-McKinney, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jesse Ramos-Chavez appeals from the fourteen-month sentence imposed after he pleaded guilty to reentry after deportation, in violation of 8 U.S.C. § 1326(a), (b)(1) (2006). On appeal, Ramos-Chavez argues that the district court imposed a procedurally unreasonable sentence because it did not adequately address defense counsel's arguments at sentencing that Ramos-Chavez was not a danger to the general public because his prior convictions of violence involved an abusive girlfriend and that he has a child with special needs that he was attempting to support. Finding no error, we affirm.

We review Ramos-Chavez's sentence for reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41, 51 (2007). In sentencing, the district court should first calculate the Sentencing Guidelines range and give the parties an opportunity to argue for whatever sentence they deem appropriate. United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). The district court should then consider the 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2013) factors to determine whether they support the sentence requested by either party. Id. When rendering a sentence, the district court must make and place on the record an individualized assessment based on the particular facts of the case. United States v. Carter, 564 F.3d 325, 328,

2

330 (4th Cir. 2009). In explaining the chosen sentence, the "sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita v. United States, 551 U.S. 338, 356 (2007). While a district court must consider the statutory factors and explain its sentence, it need not discuss every factor on the record. United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006).

In this case, the record reflects that the district court did consider the arguments advanced by Ramos-Chavez for a lower-end sentence and that there was sufficient explanation for their rejection. The court specifically stated that Ramos-Chavez had substance abuse issues himself, enabled the abusive conduct that contributed to his assault convictions, and needed to distance himself from his girlfriend who was the source of many of his troubles. The court recounted the multiple times that Ramos-Chavez had been deported and noted that the sentence needed to be sufficient to deter him from illegally reentering the United States again. The court recognized its obligation to specifically consider the § 3553(a) factors. We conclude that the record demonstrates sufficient reasoning for us to review the sentence and reflects the district court's consideration of Ramos-Chavez's specific

3

arguments for a lower-end sentence. There was no abuse of discretion.

We therefore affirm the sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED